IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01423-WDM-CBS

EUGENE WIDEMAN, JR.,
    Plaintiff,
v.

STATE OF COLORADO, FAMILY ENFORCEMENT AGENCY, and
PUEBLO COUNTY, COLORADO,
    Defendants.
_____

RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendant Pueblo County's Motion to Dismiss for Lack of Jurisdiction (filed August 30, 2006) (doc. # 7); (2) Defendant State of Colorado's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (filed September 25, 2006) (doc. # 12); and (3) Plaintiff Wideman's "Information Sheet for Temporary Restraining Order" (filed November 3, 2006) (doc. # 18) (docketed as a Motion for Temporary Restraining Order).  Pursuant to the Order of Reference dated July 24, 2006 (doc. # 2) and the memoranda dated August 30, 2006 (doc. # 8), September 25, 2006 (doc. # 13), and November 3, 2006 (doc. # 19), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, Wideman's corresponding responses (filed September 19, 2006 (doc. # 10) and October 13, 2006 (doc. # 16)), Defendants' replies (filed September 20, 2006 (doc. # 11) and October 31, 2006 (doc. # 17)), Wideman's surreplies (filed

September 27, 2006 (doc. # 15) and November 13, 2006 (doc. # 20)), the pleadings, the entire case file and the applicable law and is sufficiently advised in the premises.

I.    *Statement of the Case*

Wideman is proceeding *pro se* in this civil action. Wideman commenced this civil action on July 21, 2006. Wideman's Complaint invokes this court's jurisdiction under 28 U.S.C. § 1331 and alleges that Defendants violated his First, Sixth, and Fourteenth Amendment rights under the U.S. Constitution "by hearing a paternity case under the wrong statute" and without jurisdiction. (Complaint (doc. # 1) at pp. 2, 4). Wideman further alleges that Defendants violated his Fourteenth Amendment rights by "changing his parental rights" and that the trial court discriminated against him by its decisions. (Complaint at pp. 3-4). Wideman seeks money damages in the amount of $10 million "for over eight years, constantly being brought in and out of court under false pretenses," that any paternity testing be "under the supervision of the Federal Courts," and reinstatement of his parental rights. (Complaint at pp. 6-8).

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

II.    *Standard of Review*

> Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and

> Congress have granted them authority to hear. Statutes conferring jurisdiction on federal courts are to be strictly construed. If a Rule 12(b)(1) motion to dismiss merely challenges the sufficiency of the allegations in the complaint, the court must accept those allegations as true, but without regard to mere conclusionary allegations of jurisdiction. A party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents. Although the district court may consider evidence outside the pleadings, generally the motion is not converted to one for summary judgment pursuant to Rule 56. The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.

*American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001) (internal quotation marks and citations omitted).

"A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th Cir. 2001) (internal quotation marks and citations omitted). In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Hunt v. Uphoff,* 199 F.3d 1220, 1223 (10th Cir. 1999) (citation omitted). Further, the court "must liberally construe the allegations of a pro se complaint." *Hunt,* 199 F.3d at 1223 (citation omitted).

III.    *Subject Matter Jurisdiction*

A.    *Rooker-Feldman Doctrine*

Defendants move to dismiss under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. "The *Rooker-Feldman* doctrine is the product of two

Supreme Court cases interpreting 28 U.S.C. § 1257(a)."  *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).  "This doctrine is based upon an inference that follows from 28 U.S.C. § 1257(a) which provides that ‹[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari.' "  *Guttman v. Khalsa*, 401 F.3d 1170, 1173 (10th Cir.), *judgment vacated on other grounds*, 126 S.Ct. 321 (2005).  "In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923), the Supreme Court held that lower federal courts may not hear claims actually decided by a state court."  *Crutchfield*, 389 F.3d at 1147.  "Sixty years later in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983), the Court extended the holding of *Rooker* to claims that are ‹inextricably intertwined' with a state court judgment."  *Crutchfield*, 389 F.3d at 1147.  *See also Guttman*, 401 F.3d at 1173 ("Under the doctrine that has arisen from two Supreme Court cases, . . . a federal district court does not have subject matter jurisdiction to hear appeals from final judgments of state courts").

The United States Supreme Court recently clarified that the *Rooker-Feldman* doctrine "does not otherwise override or supplant preclusion doctrine."  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  The *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp.*, 544 U.S. at 284.  *See also Bolden v. City of Topeka, Kansas*, 441 F.3d

1129, 1143 (10th Cir. 2006) ("Appellate review – the type of judicial action barred by *Rooker-Feldman* – consists of a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law"); *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir.1998) (under the *Rooker-Feldman* doctrine, a party who loses in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

"*Rooker-Feldman* is a matter of federal law and operates as a subject-matter jurisdictional bar that may be raised at any time." *Guttman*, 401 F.3d at 1173 n. 2. *See also Kenmen Engineering v. City of Union*, 314 F.3d 468, 479 (10th Cir. 2002) ("The *Rooker-Feldman* doctrine is a *jurisdictional* prohibition") (emphasis in original).

### B. Application of Rooker-Feldman Doctrine

The court must determine whether Wideman is seeking what in substance would be appellate review of "final judgments of state courts." *Guttman*, 401 F.3d at 1173.

First, the state court judgments challenged by Wideman were final for purposes of the *Rooker-Feldman* doctrine. The Tenth Circuit has agreed with other Circuit Courts on "several situations in which a state-court judgment could be considered final for *Rooker-Feldman* purposes. . . ." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (citations omitted). Such situations include state action that "has reached a point where neither party seeks further action." *Bear*, 451 F.3d at 642 (citation omitted). The

Tenth Circuit has further held that "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended." *Bear*, 451 F.3d at 642 (citation omitted).

This civil action arises from Pueblo County District Court Case Number 97DR1028, in which Wideman was adjudged to be the father of a minor child, CG-W. (Complaint at p. 2). (*See also* Exhibit B to County's Motion to Dismiss (doc. # 7)). Wideman twice appealed Case Number 97DR1028 to the Colorado Court of Appeals and twice the Court of Appeals affirmed the District Court. (*See In Re: C.R.G.-W.*, 2004 WL 2535417, Colo. App. No. 03CA1647, November 10, 2004 (not published pursuant to C.A.R. 35(f)); *In Re: Wideman*, 2006 WL 413102, Colo. App. No. 05CA0994, February 23, 2006 (not published pursuant to C.A.R. 35(f)) (Exhibit C to County's Motion to Dismiss (doc. # 7))). Wideman twice petitioned the Colorado Supreme Court for a writ of certiorari and the Colorado Supreme Court denied his petitions. (*See In Re: C.R.G.-W.*, 2005 WL 1140792, Colo. No. 04SC867, May 16, 2005; *In Re: Wideman*, 2006 WL 1851467, Colo. No. 06SC201, June 19, 2006 (Exhibit C to County's Motion to Dismiss (doc. # 7))). The United States Supreme Court denied Wideman's petition for a writ of certiorari. (*See Wideman v. Garcia*, 126 S.Ct. 485 (Oct. 17, 2005)). Wideman has conceded that the "highest state court . . . has refused to address the issues presented in the Plaintiff's complaints" and that "there are no motion [sic] currently pending or any other pending actions" in the state courts. (*See* Wideman's Response (doc. # 16) at p. 1; Wideman's Response (doc. # 15) at p. 1).

Second, "when determining whether the federal plaintiff asserts a legal injury by

. . . a state-court judgment, we must look to the relief sought, not simply to the issues raised." *Guttman*, 401 F.3d at 1174 (citations omitted).  *See also Crutchfield*, 389 F.3d at 1148 (noting that although "a litigant may be able to make a federal claim appear unrelated to a state court judgment through artful pleading, the requested relief can quickly reveal whether *Rooker-Feldman* applies").

Wideman alleges that his federal due process and equal protection rights were violated by state court judgments regarding paternity, child custody, visitation, and child support. (*See, e.g.,* Complaint at pp. 2-4, Wideman's Response (doc. # 10) at pp. 5-7). Wideman claims damages arising from state court judgments and seeks federal court intervention regarding paternity testing and parental rights. (*See* Complaint at p. 6). Wideman alleges that the state court judgments were improper based on lack of jurisdiction, incorrect application of the law, lack of evidence, and discrimination based on his gender and race. (*See* Complaint at pp. 2-5). Wideman also alludes to state court orders that violated his 4th and 5th Amendment rights and to a conspiracy in violation of 42 U.S.C. §§ 1985 and 1986. (*See* Wideman's Response (doc. # 16) at pp. 1-2, 3, 4; Wideman's Surreply (doc. # 15) at p. 2; Wideman's Response (doc. # 10) at pp. 4-5). All of Wideman's claims implicate federal court review and injunction of orders issued by Colorado state courts.

The Tenth Circuit has specifically addressed claims like Wideman's:

> *Rooker-Feldma*n does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment. A suit on such claims could not be characterized as an "appeal" of the state-court judgment, which is the core concern of

> *Rooker-Feldman*. To illustrate, say a father was deprived of custody of his child by a state-court judgment. If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker-Feldman*; the suit usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside the judgment based on a review of the prior proceedings.

*Bolden*, 441 F.3d at 1145.

Wideman concedes that he has presented his allegations to the "State Courts of Appeal." (*See* Complaint at p. 5). The allegations underlying Wideman's claims specifically seek to undo state-court judgments through review of prior state-court proceedings. The *Rooker-Feldman* doctrine precludes a United States district court from exercising subject matter jurisdiction in an action where it is "called upon . . . to overturn an injurious state-court judgment." *Exxon Mobil Corp.*, 125 S. Ct. at 1526. Wideman is "asking a federal court to do precisely what *Rooker-Feldman* prohibits: to undo the effect of the state court judgment." *Crutchfield*, 389 F.3d at 1148. Wideman's Complaint constitutes a "particularized challenge to an adjudication against him in state court, clearly barred under *Rooker-Feldman.*" *Kenmen*, 314 F.3d at 477 (internal quotation marks and citation omitted). Wideman's Complaint is properly dismissed for lack of subject matter jurisdiction.

C.   *Exceptions to Rooker-Feldman Doctrine*

Courts have recognized an exception to the *Rooker-Feldman* doctrine where the plaintiff did not have a full and fair opportunity to litigate his claim in the prior state-

8

court proceeding.  See *Johnson v. Rodrigues*, 226 F.3d 1103, 1110 (10th Cir. 2000).  However, that exception has been limited to those situations where the federal plaintiff was not a party to the state court proceeding.  *Kenmen*, 314 F.3d at 478 n. 9.  Wideman was a party to the state-court proceedings he is challenging here.

Further, "[t]here is an exception to the *Rooker-Feldman* doctrine for general constitutional challenges to state laws."  *Crutchfield*, 389 F.3d at 1149.  General constitutional challenges to state laws "do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding."  *Feldman*, 460 U.S. at 486.  "United States district courts, therefore, have subject-matter jurisdiction over general challenges" to state laws.  *Feldman*, 460 U.S. at 486.  United States district courts "do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's actions was unconstitutional."  *Feldman*, 460 U.S. at 486.  Because Wideman has not raised "a constitutional challenge to a general law or procedure," this exception to *Rooker-Feldman* does not apply.  *Crutchfield*, 389 F.3d at 1149.

Wideman's Complaint is properly dismissed for lack of subject matter jurisdiction, as it constitutes a particularized challenge to an adjudication against him in state court, barred under *Rooker-Feldman,* to which no exception applies.

D.     *Domestic Relations Exception to Federal Jurisdiction*

The United States Supreme Court has ruled that "[t]he whole subject of the

domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)). "This application is consistent with *Barber's* directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees." *Ankenbrandt*, 504 U.S. at 703 (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)). "We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 703. *See also Vaughn v. Smithson*, 883 F.2d 63, 64 (10th Cir. 1989) ("It is now well established that federal courts do not have diversity jurisdiction to grant a divorce or annulment, determine support payments, or award custody of a child") (citations omitted). For this reason also, this court lacks subject matter jurisdiction over Wideman's Complaint.

### E.  Eleventh Amendment Immunity

"Eleventh Amendment immunity pertains to the court's subject matter jurisdiction." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Though the text of the Amendment does not expressly so provide, the Supreme Court has interpreted the Amendment to apply to federal

question suits against a State brought in federal court by the State's own citizens." *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1195 (10th Cir. 1998) (citations omitted).  "The Supreme Court has recognized two exceptions to the Eleventh Amendment: (1) the state may consent to be sued; or (2) in certain circumstances Congress may clearly and expressly abrogate a state's immunity."  *Joseph A. ex rel Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002) (citations omitted).  The parties do not argue that either of these exceptions applies in this case.   Eleventh Amendment immunity bars Wideman's suit against Defendant State of Colorado.

*F.    Additional Grounds for Dismissal*

As the court determines that it lacks subject matter jurisdiction over this civil action under the *Rooker-Feldman* doctrine, the domestic relations exception to federal jurisdiction, and Eleventh Amendment immunity, the court need not reach Defendants' additional arguments for dismissal.

*IV.    Wideman's Motion for Temporary Restraining Order*

Wideman has moved for a temporary restraining order, "requesting [the] court intervene and stay any action by the Pueblo County Courts" and that "all the Plaintiff's parental rights be immediately returned . . . ." (*See* doc. # 18 at p. 2).

A temporary restraining order may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant."  Fed. R. Civ. P. 65(b).

Furthermore, to be entitled to temporary injunctive relief, a moving party must establish: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant unless injunctive relief is provided; (3) the threatened injury to the movant outweighs the injury that the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001) (citation omitted). Even where a movant has satisfied the other three criteria, the movant must at a minimum show that he or she "raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation." *Walmer v. U.S. Department of Defense*, 52 F.3d 851, 854 (10th Cir. 1995) (citation omitted).

The court has determined that it lacks subject matter jurisdiction over this civil action. Thus, Wideman cannot show that he has established the requirement of likelihood of success on the merits. Wideman's request for temporary injunctive relief is properly denied.

Accordingly, **IT IS RECOMMENDED** that:

1. Defendant Pueblo County's Motion to Dismiss for Lack of Jurisdiction (filed August 30, 2006) (doc. # 7) be GRANTED IN PART;

2. Defendant State of Colorado's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (filed September 25, 2006) (doc. # 12) be GRANTED IN PART; and

      3.      This civil action be DISMISSED with prejudice for lack of subject matter jurisdiction.

Further, **IT IS ORDERED** that Plaintiff Wideman's "Information Sheet for Temporary Restraining Order (filed November 3, 2006) (doc. # 18) (docketed as a Motion for Temporary Restraining Order) is DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court

or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States,* 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    DATED at Denver, Colorado, this 2nd day of January, 2007.

    BY THE COURT:

*s/Craig B. Shaffer*

Craig B. Shaffer  
United States Magistrate Judge