IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-001423-WDM-CBS

EUGENE WIDEMAN, JR.,

Plaintiff,

v.

STATE OF COLORADO, FAMILY ENFORCEMENT AGENCY, and PUEBLO COUNTY, COLORADO,

Defendants.

_____

ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
_____

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Craig B. Shaffer, issued January 2, 2007, (doc. no. 21) that Defendant Pueblo County's Motion to Dismiss for Lack of Jurisdiction (doc. no. 7), and Defendant State of Colorado's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. no. 12) be Granted, and Plaintiff's Motion for Temporary Restraining Order (doc. no. 18) be Denied.  Plaintiff filed a timely objection to the recommendation.  28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the Complaint, the three motions at issue and the recommendation.

Magistrate Judge Shaffer found that this court lacks jurisdiction over Plaintiff's complaint because of the prohibitions of the *Rooker-Feldman* doctrine which holds that federal courts may not hear claims actually decided or inextricably intertwined with those

which were decided by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983).

Plaintiff argues that *Rooker-Feldman* does not apply to this case because his case in state court is ongoing. Specifically, he states that a restraining order was entered against him and proceedings on a request to terminate his parental rights are continuing.

This new information disclosed in Plaintiff's objection is in contrast to the facts at the time Defendants' motions were considered. Magistrate Judge Shaffer reviewed the state court proceedings in relation to issues surrounding whether Plaintiff was the biological father of the child in question. Plaintiff's two appeals to the Colorado Court of Appeals and his petitions to the Colorado Supreme Court for a writ of *certiorari* are discussed in the recommendation, as is his petition to the United States Supreme Court. The recom-mendation also notes that Plaintiff stated that the "highest state court . . . has refused to address the issues presented" in his complaint. (Pla.'s resp. to State's mtn. at p.1).

The Magistrate Judge also reviewed the relief sought in Plaintiff's complaint, as is appropriate in determining the possible application of the *Rooker-Feldman* doctrine. The recommendation recounts that the complaint alleges that Plaintiff's federal due process and equal protection rights were violated by state court judgments regarding paternity, child custody, visitation and support. Those are the judgments that he appealed in state court and for which he seeks relief in his complaint in this court. His complaint does not seek relief for damages having to do with restraining or termination of parental rights

orders which may have been entered at a later point.

The situation in this case is similar to that in *Bear v. Patton*, 451 F.3d 639 (10th Cir. 2006). In that case, the Tenth Circuit considered the new requirement added by the U.S. Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005) that *Rooker-Feldman* only apply to state court proceedings that are final. The Tenth Circuit panel noted that the state court case in *Bear* was not actually complete because some accounting procedures remained to be performed. Nevertheless, the court found that because a final judgment had been entered on the count of the complaint that caused the accounting to be necessary, that piece being final was enough to invoke the reasoning behind the *Rooker-Feldman* doctrine. It stated that the first reason was to prevent state court litigants "from circumventing the appellate structure established by 28 U.S.C. § 1257(a)." *Bear*, 451 F.3d at 642.

The court in *Bear* went on to cite language directly from *Rooker* that an "aggrieved litigant cannot be permitted to do indirectly what he can no longer do directly." *Rooker*, 263 U.S. at 416. As noted in the recommendation, the purpose of the finality requirement is to avoid having the federal court perform what would in essence be appellate review of final state court proceedings. The second reason the *Bear* court found that the finality was sufficient was because the remaining matter in that complaint was inextricably intertwined with the piece which was final. Under those circumstances, the Tenth Circuit remanded the case for a determination as to whether the judgment on the first count was final under the state law applicable to it.

In the present case, the result of such an examination is already clear. As

discussed by Magistrate Judge Shaffer, Plaintiff has already appealed the state court orders regarding paternity, custody, visitation and support. Clearly those orders were final, despite the fact that the state court will retain jurisdiction over the case until the child at issue becomes an adult.  Consequently, the fact that there continue to be proceedings in the state court with regard to issues such as support or parental rights, does not preclude the application of the *Rooker-Feldman* doctrine.

Ultimately Plaintiff's challenge to the finality requirement must be seen as an attempt to avoid the heart of the issue. "To determine whether *Rooker-Feldman* deprives a federal court of jurisdiction, we ask whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress[, t]hat is . . . whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Guttman v. Khalsa*, 401 F.3d 1170, 1174 (10th Cir. 2005) (citations omitted). It is clear that the injuries alleged in Plaintiff's complaint resulted from the judgments of the state court.  Consequently, this court lacks jurisdiction over Plaintiff's complaint.

Finally I note that Plaintiff argues in his objection that, contrary to the statement on page nine of the recommendation, he does challenge the constitutionality of "Colorado State Statue [sic] 1400 [sic] Dissolution of Marriage." In fact, Plaintiff's complaint does not challenge the constitutionality of the Uniform Dissolution of Marriage Act, C.R.S. §§ 14-10-101 *et. seq*. Rather the complaint argues that the Act should not have been applied to his circumstances as he was never married to the child's mother.  In the absence of a challenge to the validity of the Act, Plaintiff cannot succeed with this argument.

Accordingly, it is ordered:

1. The Recommendation of Magistrate Judge Shaffer, issued January 2, 2007, (doc. no. 21) is Accepted.

2. Defendant's Motion to Dismiss for Lack of Jurisdiction (doc. no. 7) is Granted.

3. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. no. 12) is Granted.

4. Plaintiff's Motion for Temporary Restraining Order (doc. no. 18) is Denied.

5. Plaintiff's complaint is dismissed with prejudice.

DATED at Denver, Colorado, on March 8, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge